[Cite as *State v. Martin*, 2013-Ohio-4353.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. CT2013-0023 |
| ANDREW R. MARTIN | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  CR2009-0110


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      September 26, 2013


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

ROBERT L. SMITH                     ANDREW R. MARTIN
ASSISTANT PROSECUTOR                PRO SE
27 North Fifth Street               CHILLICOTHE CORR. INSTITUTION
Zanesville, Ohio  43701             Post Office Box 5500
                                    Chillicothe, Ohio  45601

*Wise, J.*

**{¶1}** Appellant Andrew R. Martin appeals the decision of the Muskingum County Court of Common Pleas.

**{¶2}** Appellee is the State of Ohio.

**{¶3}** This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

**{¶4}** "(E) Determination and judgment on appeal. The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."

**{¶5}** This appeal shall be considered in accordance with the aforementioned rule.

<u>STATEMENTS OF FACTS AND CASE</u>

**{¶6}** On April 7, 2005, Appellant Andrew R. Martin was convicted of a sexually oriented offense in the state of Wisconsin, Case Number 2005JV000979, and was sentenced to an eighteen (18) month prison term at the Department of Youth Services in Wisconsin. Upon completion of this prison term, Appellant was obligated to register once a year for fifteen (15) years as per Wisconsin's enactment of Megan's Law.

**{¶7}** After serving his prison sentence, Appellant moved to Ohio,where he resided in both Licking and Muskingum Counties. On May 28, 2009, Detective Yarger of the Muskingum County Sheriff's Department became aware that the Appellant, who had been charged with Failing to Register upon his entry in Licking County, was now

residing in Muskingum County. Further investigation revealed that Appellant was residing in Muskingum County and had failed to register his change of address within three (3) days of entering this county.

{¶8} On or about June 3, 2009, Appellant was indicted by the Muskingum County Grand Jury upon one (1) count of Failure to Register as a Sexual Offender, in violation of R.C. §2950.04, a felony of the first degree. Both the indictment and the bill of particulars alleged that Appellant had been convicted of a sexually orientated offense, to wit: First Degree Sexual Assault of a Child, a felony of the first degree, in the Circuit Court of Milwaukee County, State of Wisconsin, Case Number 2005JV000779 (date of conviction, June 28, 2005). This charge was alleged to be a felony of the first degree.

{¶9} On August 3, 2009, Appellant entered a plea of "guilty" to the one (1) count set forth in the indictment. At the time of the change of plea hearing, the parties had agreed to recommend to the trial court that Appellant receive a three (3) year prison sentence to be served consecutive to any sentence ordered by the Licking County Court of Common Pleas.

{¶10} On August 31, 2009, the Muskingum County Court of Common Pleas ordered that Appellant serve a mandatory prison sentence of three (3) years to be served consecutive to the sentence imposed by the Licking County Court of Common Pleas in case number 09CR0048. Appellant did not file a direct appeal of this sentence or conviction.

{¶11} On or about January 17, 2010, Appellant filed Defendant's Petition to Vacate or Set Aside Judgment of Conviction or Sentence. By entry dated February 8, 2010, the trial court denied said petition, finding that Appellant had failed to raise valid

constitutional violations that would justify a hearing on the merits of the motion. Appellant did not appeal this decision.

{¶12} On or about February 18, 2010, Appellant filed Defendant's Motion to Correct Sentence. By entry dated March 11, 2010, the trial court denied said petition, finding that R.C. §2929.13(F)(6) requires that a defendant who is convicted of a felony of the first degree who has a prior conviction of a felony of the first degree must receive a mandatory sentence and further finding that the consecutive sentence ordered by the trial court was the product of a negotiated plea agreement.

{¶13} Appellant filed his Notice of Appeal of the trial court's sentencing entry of March 11, 2010. This case was assigned case number CT10-0022. In that appeal, Appellant raised three assignment of error. These three issues centered around Appellant's complaints about the trial court's use of the word "mandatory" when sentencing Appellant as opposed to the statutory term "definite sentence," Appellant also complained that the trial court could not sentence him to a term of imprisonment that was consecutive to a prison term ordered by the Licking County Court of Common Pleas. This Court dismissed this matter by entry dated June 14, 2010, "for want of a timely notice of appeal."

{¶14} In a case that was assigned case number CT2010-0033. Appellant filed a motion for leave to file a delayed appeal. However, this Court, by entry dated August 13, 2010, found "that Appellant has failed to establish good cause for delay in filing a timely appeal" and denied his motion, and the appeal.

{¶15} On July 14, 2011, Appellant filed a motion for Re-sentencing in the Muskingum County Court of Common Pleas. In this motion, Appellant again asserted

that he should not have received consecutive sentences. By entry dated July 18, 2011, the trial court denied the motion with reference to its entry of March 11, 2010.

{¶16} On July 26, 2011, Appellant filed a Motion for Reconsideration, which the trial court denied on August 2, 2011.

{¶17} Appellant filed an appeal on August 22, 2011. By opinion dated May 10, 2012, this Court dismissed the appeal after finding it untimely, finding that all of the issues raised by Appellant should have been raised in a direct appeal of his conviction.

{¶18} On March 27, 2013, Appellant filed a Motion for Withdrawal of Guilty Plea in the trial court. By entry dated April 10, 2013, the trial court denied that the motion.

{¶19} On April 19, 2013, Appellant filed a Notice of Appeal, which is currently before this Court. Appellant now appeals, setting forth the following assignment of error:

**ASSIGNMENT OF ERROR**

{¶20} "I. APPELLANT'S CURRENT CONVICTIONS ARE CONTRARY TO LAW, AND THEREFORE THEY ARE VOID."

**I.**

{¶21} In his sole Assignment of Error, Appellant argues that his convictions are contrary to law. We disagree.

{¶22} Appellant was convicted of failing to register as a sexual offender, pursuant to R.C. §2950.04, which provides in relevant part:

{¶23} "(A)(1)(a) Immediately after a sentencing hearing is held on or after January 1, 2008, for an offender who is convicted of or pleads guilty to a sexually oriented offense and is sentenced to a prison term, a term of imprisonment, or any other type of confinement and before the offender is transferred to the custody of the

department of rehabilitation and correction or to the official in charge of the jail, workhouse, state correctional institution, or other institution where the offender will be confined, the offender shall register personally with the sheriff, or the sheriff's designee, of the county in which the offender was convicted of or pleaded guilty to the sexually oriented offense.

**{¶24}** "(b) Immediately after a dispositional hearing is held on or after January 1, 2008, for a child who is adjudicated a delinquent child for committing a sexually oriented offense, is classified a juvenile offender registrant based on that adjudication, and is committed to the custody of the department of youth services or to a secure facility that is not operated by the department and before the child is transferred to the custody of the department of youth services or the secure facility to which the delinquent child is committed, the delinquent child shall register personally with the sheriff, or the sheriff's designee, of the county in which the delinquent child was classified a juvenile offender registrant based on that sexually oriented offense.

**{¶25}** "***

**{¶26}** "(4) Regarding an offender or delinquent child who is registering under a duty imposed under division (A)(2), (3), or (4) of this section as a result of the offender or delinquent child residing in this state or temporarily being domiciled in this state for more than three days, the current residence address of the offender or delinquent child who is registering, the name and address of the offender's or delinquent child's employer if the offender or delinquent child is employed at the time of registration or if the offender or delinquent child knows at the time of registration that the offender or delinquent child will be commencing employment with that employer subsequent to

registration, any other employment information, such as the general area where the offender or delinquent child is employed, if the offender or delinquent child is employed in many locations, and the name and address of the offender's or public registry-qualified juvenile offender registrant's school or institution of higher education if the offender or public registry-qualified juvenile offender registrant attends one at the time of registration or if the offender or public registry-qualified juvenile offender registrant knows at the time of registration that the offender or public registry-qualified juvenile offender registrant will be commencing attendance at that school or institution subsequent to registration;"

**{¶27}** Appellant herein argues that his convictions are contrary to law and void pursuant to *State v. Bodyke*, 126 Ohio St. 3d 266, 2010-Ohio-2424, *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374.

**{¶28}** In *Bodyke*, *supra*, the Ohio Supreme Court held that R.C. §2950.031 and §2950.032, which required the attorney general to reclassify sex offenders who have already been classified by court order under former law, impermissibly instructed the executive branch to review past decisions of the judicial branch and thereby violated the separation-of-powers doctrine. In addition, the Court found that R.C.§2950.031 and §2950.032, violated the separation-of-powers doctrine by requiring the opening of final judgments.

**{¶29}** In *Williams*, *supra*, the Ohio Supreme Court held that S.B. 10, as applied to sex offenders who committed an offense prior to the enactment of S.B. 10, violated

Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from enacting retroactive laws.[1]

**{¶30}** Upon review, we find *Bodyke* and *Williams* inapplicable in the case at bar.

**{¶31}** S.B. 10 did not alter those provisions of R.C. §2950.04(A)(4) which require offenders to notify the sheriff of a county within three (3) days of entering into a particular county. Here, Appellant's conviction results from his failure to register a change of address pursuant to R.C. §2950.04(A)(4) rather than his failure to periodically register pursuant to R.C. §2950.06. "S.B. 10 did nothing to abate one's duty to register." *Miller v. Cordray*, 184 Ohio App.3d, 2009-Ohio-3617.

**{¶32}** The cases cited by Appellant specifically involve tier reclassification of offenders who had committed sex offenses prior to the enactment of S.B. 10. The instant case, however, does not involve the issue of offender reclassification.

**{¶33}** Instead, we have a new criminal offense committed by Appellant, which required the application of current law. Prior to the current offense, Appellant was put on notice by the state of Wisconsin that he had to comply with the registration requirements of any state to which he traveled or moved. When Appellant moved to Ohio in May, 2009, the new, S.B. 10 version of R.C. §2950.04(A)(4) was already in effect.

---

[1] Senate Bill 10, also known as the Adam Walsh Act "(AWA") reorganized the classification of sexually oriented offenders. *See* R.C. §2950.031 and R.C. §2950.032. At that time, the legislature designated the duty of reorganizing Ohio's sex offender classification based on conviction alone. Based on the level of offense, offenders were classified as either Tier I, Tier II, or Tier III offenders, with Tier III being the most serious of offenders who are required to register for life and to register every ninety days, among other restrictions.

**{¶34}** Based on the foregoing, we find Appellant's conviction for failing to register was not contrary to law.

**{¶35}** The decision of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.

By: Wise, J.

Hoffman, P. J., and

Farmer, J., concur.

/s/ John W. Wise_____
HON. JOHN W. WISE


/s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


/s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

JWW/d 0909

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                       :
                                                 :
-vs-                                             :           JUDGMENT ENTRY
                                                 :
ANDREW R. MARTIN                                 :
                                                 :
    Defendant-Appellant                      :           Case No. CT2013-0023


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.

Costs assessed to Appellant.


/s/ John W. Wise_____
HON. JOHN W. WISE


/s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


/s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER